ROBERT J. SEABURY AND WILLIAM F. STELLBERGER v. THE BOARD OF AUDITORS OF WAYNE COUNTY.

*Justices' courts of Detroit—Appointment of deputy clerks.*

3 How. Stat. § 7091*g*, as amended by Act No. 253, Local Acts of 1893, which gives the clerk of the justices' courts of Detroit power to appoint one or more deputies when the necessity therefor shall be certified by the justices to the board of auditors, to hold office during his pleasure, is construed as follows:

    *a*—The act places the deputies under the absolute control of the clerk.

b—It was not contemplated that each certificate of appointment should be accompanied by a certificate of necessity.

c—If, after filing a certificate of necessity, a majority of the justices, in the ordinary course, file a certificate that the necessity for so great a number of deputies no longer exists, it is the duty of the clerk to reduce the number to that fixed by the new certificate of necessity, but in so doing he has the choice as to what deputies shall be retained in office.

d—In case of his refusal so to do, the remedy is by *mandamus* to compel such action, and not by refusing to pay certain of his deputies, who have been listed by the justices in their certificate for removal.

*Mandamus.*    Argued April 25, 1893.    Granted June 8, 1893.

Relators applied for *mandamus* to compel respondent to pay their salaries as deputy clerks of the justices' courts of Detroit. The facts are stated in the opinion.

*George F. Robison,* for relators.

*Allan H. Frazer,* for respondent.

McGRATH, J.    Section 7091*g*, 3 How. Stat., as amended March 6, 1893, provides that the clerk of the justices' courts of Detroit shall have power to appoint one or more deputies when the necessity therefor shall be certified by the justices, and that said clerk may revoke such appointment at pleasure, which appointment and revocation shall be operative from the time of filing the certificate thereof with the county auditors.

In August, 1892, said justices had certified to the board of auditors that seven deputy clerks were necessary, and seven were duly appointed. On March 16, 1893, the clerk of the justices' courts, whose term of office under the law as it existed prior to March 6, 1893, did not expire until July 4, 1893, and, under the amendment of 1893, until February 1, 1894, revoked the appointment of two of said deputies, and appointed two others (relators)

in their stead.    On March 17, 1893, a majority of said
justices certified to the board of auditors that the clerk of
the justices' courts had discharged A. and B., and offered
to appoint relators, and that—

"At this time no necessity exists for the filling of the
vacancies thus occasioned, as the business of these courts
has fallen off to such an extent as to justify the under-
signed to protest at this time at the placing upon the pay
roll any names to succeed those removed.    We further
certify that no necessity exists for the appointment by said
clerk of any deputy clerks for said courts."

The board of auditors refused to pay the salaries of rela-
tors, basing their refusal on said certificate of said jus-
tices, and this is an application for a *mandamus* to enforce
such payment.

Under the act, all costs, fines, and dues, of every
description, in all proceedings in said justices' courts, are
received by the clerk, and he is required to give a bond
to the county, conditioned to pay over all moneys received
by him as clerk for the use of the county, and otherwise
fully and faithfully discharge the duties of his office.    The
act authorizes the deputies to perform generally the duties
of clerk, and empowers the clerk to require of each a bond,
with such conditions as he may deem proper.

It is the evident intent of the act to place these depu-
ties under the absolute control of the clerk.    The act
should receive a construction consistent with such purpose.
It was certainly not contemplated that each certificate of
appointment should be accompanied by a certificate of
necessity.    Such a construction of the act would put it in
the power of the justices to dictate the appointment, and
would prevent the clerk from revoking an appointment,
and making another not approved of, except at the expense
of assistance.    When these appointments were made by the
clerk, the certificate of a majority of the justices was on
file with the board of auditors, declaring that seven depu-

ties were necessary. The appointments were valid under that certificate. If, however, a majority of the justices should, in the ordinary course, afterwards file a certificate declaring that the necessity no longer existed for so many deputies, it would be the duty of the clerk to reduce the number to that fixed by the certificate of the justices; but the certificate in the present case is aimed at the two new appointees, and the choice, in any event, as to who should remain, is with the clerk, and not with the justices or board of auditors; and the remedy is by a proceeding to set the clerk in motion, and not by a refusal to pay any two of the deputies whom the board of auditors, at the instance of the justices, may choose to select.

The *mandamus* must therefore issue as prayed.

The other Justices concurred.